<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| AMINATA KOUANDA,<br><br>         *Petitioner*,<br><br>       v.<br><br>TODD BLANCHE, *et al.*,<br><br>         *Respondents*. | Civil Action No. 26-09970<br><br>**ORDER**<br><br>August 14, 2026 |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Aminata Kouanda ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of her continued immigration detention (ECF No. 1); and

**WHEREAS**, Petitioner is a native and citizen of Burkina Faso and was found inadmissible under 8 U.S.C. § 1182(a) (*see id.* ¶ 1; ECF No. 5 at 1); and

**WHEREAS**, on January 9, 2006, Petitioner was placed in removal proceedings pursuant to 8 U.S.C. § 1229a (ECF No. 1 ¶ 66); and

**WHEREAS**, in those proceedings, an immigration judge designated Burkina Faso as the country of Petitioner's removal (*id.* ¶ 67); and

**WHEREAS**, Petitioner expressed a fear of removal to Burkina Faso and sought asylum, withholding of removal, and protection under the Convention Against Torture; on December 5, 2006, the Immigration Court ordered Petitioner removed to Burkina Faso but granted withholding of removal to that country based on her fear of return (*id.* ¶ 68; *see* ECF No. 5 at 1); and

**WHEREAS**, Petitioner did not appeal the Immigration Judge's December 5, 2006 decision

and has not sought to reopen the removal order; accordingly, the removal order is administratively final (*see id.*); and

**WHEREAS**, Petitioner alleges that she has lived freely in the United States since the withholding order was entered, was not required to report to United States Immigration and Customs Enforcement ("ICE"), was not detained for removal to a third country, and was not notified that DHS intended to seek her removal to a third country (ECF No. 1 ¶ 69); and

**WHEREAS**, Petitioner further alleges that she was granted employment authorization, which she has continued to renew, and that she has developed family and other ties to the United States, including through a pending visa petition filed on her behalf by her United States citizen adult daughter (*id.*); and

**WHEREAS**, on August 5, 2026, ICE arrested Petitioner pursuant to the final order of removal (*see id.*); and

**WHEREAS**, Respondents assert that Petitioner's detention arises under 8 U.S.C. § 1231(a) (ECF No. 5 at 1); and

**WHEREAS**, Petitioner alleges that, prior to her arrest, she was not notified that DHS intended to remove her to a third, unidentified country, and alleges, on information and belief, that DHS now intends to remove her to a country other than Burkina Faso, the country designated in her removal order (ECF No. 1 ¶¶ 69–70); and

**WHEREAS**, Petitioner alleges that, because she is subject to a final order of removal under 8 U.S.C. § 1229a and DHS seeks to remove her to a country that was neither previously designated as the country or alternative country of removal nor identified in writing in the prior proceedings as a country to which she would be removed, she is a member of the certified class in *D.V.D. v. DHS*, 778 F. Supp. 3d 355, 378 (D. Mass. 2025) (*id.* ¶¶ 2, 71); and

2

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1), the Response (ECF No. 5), and Petitioner's Reply (ECF No. 6), and resolves the Petition on statutory grounds; and

**WHEREAS**, Respondents characterize Petitioner's present detention as arising under 8 U.S.C. § 1231 and contend that Petitioner's ninety-day period of mandatory detention under § 1231(a)(2) commenced on August 5, 2026, when ICE arrested Petitioner pursuant to her final order of removal (ECF No. 5 at 1-2); and

**WHEREAS**, Section 1231(a)(1)(B) provides that the removal period commences on the latest of several specified dates, including "the date the order of removal becomes administratively final," § 1231(a)(1)(B)(i); and

**WHEREAS**, Petitioner's removal order became administratively final on December 5, 2006, when an Immigration Judge ordered Petitioner removed and Petitioner did not appeal, and Respondents have identified no judicial stay or other circumstance that postponed commencement of the removal period under § 1231(a)(1)(B) (*see* ECF No. 5); and

**WHEREAS**, Respondents have not identified any statutory basis for concluding that the removal period—and, consequently, the ninety-day period of mandatory detention under § 1231(a)(2)—did not commence until Petitioner was taken into ICE custody nearly twenty years after her removal order became administratively final (*see id.*); and

**WHEREAS**, the Court therefore declines to adopt Respondents' contention that Petitioner's August 5, 2026 arrest commenced a new ninety-day period of mandatory detention under § 1231(a)(2); rather, because Petitioner's removal order became administratively final in December 2006, the ninety-day mandatory detention period associated with that removal order expired long before Petitioner was taken into custody in August 2026; and

3

**WHEREAS**, the Court accordingly concludes that Respondents have not established a lawful basis for Petitioner's continued detention under § 1231 and that Petitioner is entitled to release; and

**IT IS**, therefore, on this **14th** day of **August 2026**,

1.  **ORDERED** that Respondents shall **RELEASE** Petitioner **WITHIN 24 HOURS** of this Order, under the same conditions that existed prior to her detention; and it is further

2.  **ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

3.  **ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

4.  **ORDERED** that the Clerk of the Court shall **CLOSE** this case.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**